United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HUNTER, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JCM PARTNERS, LLC, CARMICHAEL GARDEN APARTMENTS, LLC, GAYLE M. ING, MICHAEL VANNI, BRIAN S. REIN, CORNELIUS STAM, LARRY VAN DUYN, COMPUTER MANAGEMENT CORPORATION, DOES 1 to 50, Inclusive,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　　　／ | No. C-09-3878 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED OR DISMISSED FOR IMPROPER VENUE** |

　　　Before the Court is plaintiff Crystal Hunter's ("Hunter") Verified Complaint and her Application to Proceed in Forma Pauperis, both filed August 24, 2009. In her complaint, Hunter alleges she rented an apartment from defendant Carmichael Garden Apartments, LLC ("Carmichael"), in Carmichael, California. Hunter also alleges that when her tenancy ended, Carmichael imposed charges and fees that, according to plaintiff, were in violation of state and federal law. Hunter further alleges that Carmichael unlawfully failed to provide "post vacancy inspections" and delayed in mailing her a "written disposition" of her security deposit. (See Compl. at 1:28-2:4.) Based on such allegations, Hunter seeks relief under state and federal law.

Hunter alleges the Court has federal question jurisdiction, as well as diversity jurisdiction, over the instant action. A civil action wherein jurisdiction is not based solely on diversity of citizenship may be "brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." See 28 U.S.C. § 1391(b).

Here, based on Hunter's complaint, it would appear that venue is not properly laid in this district. See 28 U.S.C. § 1391(b). First, Hunter does not allege that each defendant resides in California, and, indeed, cannot, in light of her allegation that diversity of citizenship exists. Second, the operative events, as alleged in the complaint, occurred in Carmichael, which is located in the Eastern District of California, where the rental property is located.[1] Finally, there is another district in which the action may be brought, specifically, the Eastern District of California.

Accordingly, Hunter is hereby ORDERED TO SHOW CAUSE, no later than September 18, 2009, in writing not to exceed five pages in length, why the instant action should not be transferred to the Eastern District of California, or dismissed without prejudice, based on improper venue. See 28 U.S.C. § 1406(a) (providing district court has discretion to transfer or dismiss "case laying venue in the wrong . . . district"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding district court has authority to raise the

---

[1] Although plaintiff alleges in conclusory fashion that "defendants conduct the challenged unlawful business practices from the JCM headquarters in Concord, California" (see Compl. ¶ 10), plaintiff, in setting forth the specific conduct that allegedly caused her injury, identifies events occurring in Carmichael. In particular, plaintiff challenges the lawfulness of certain provisions in a lease apparently executed in Carmichael (see, e.g., Compl. ¶¶ 16, 18, Exs. 3, 4), the lawfulness of an eviction from her apartment in Carmichael (see, e.g., Compl. ¶ 22), and the lawfulness of notices she received in Carmichael at the time of or following her eviction, which notices on their face appear to be written by a defendant located in Carmichael (see, e.g., Compl. ¶¶ 19, 20, 22, Exs. 5, 7). In sum, plaintiff is challenging conduct taken by her landlord, an LLC located in Carmichael, regarding her tenancy in an apartment located in Carmichael.

issue of defective venue on its own motion).

Hunter's application to proceed in forma pauperis will be taken under submission, pending determination of the question of venue.

**IT IS SO ORDERED.**

Dated: September 3, 2009

                                    MAXINE M. CHESNEY
                                    United States District Judge