IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HUNTER, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>JCM PARTNERS, LLC, CARMICHAEL GARDEN APARTMENTS, LLC, GAYLE M. ING, MICHAEL VANNI, BRIAN S. REIN, CORNELIUS STAM, LARRY VAN DUYN, COMPUTER MANAGEMENT CORPORATION, DOES 1 to 50, Inclusive,<br><br>    Defendants | No. C-09-3878 MMC<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

Before the Court is plaintiff Crystal Hunter's ("Hunter") Response to Order to Show Cause ("Response"), filed September 18, 2009,[1] by which Hunter responds to the Court's September 3, 2009 order directing Hunter to show cause why the instant action should not be transferred to the Eastern District of California, or dismissed without prejudice, based on

---

[1] Plaintiff did not provide the Court with a chambers copy of her Response. For future reference, plaintiff is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

improper venue. Having read and considered the Response, the Court rules as follows.

As set forth in the Court's September 3, 2009 order, the conduct challenged herein by Hunter is conduct allegedly taken by a landlord located in the Eastern District of California in connection with Hunter's tenancy of an apartment located in the Eastern District of California. In her Response, Hunter, relying on her allegation that defendant JCM Partners, LLC ("JCM") has its headquarters in this District, argues venue is proper. Even assuming an agency relationship between JCM and the other individuals and entities named herein, however, the instant lawsuit remains based exclusively on conduct alleged to have occurred in the Eastern District of California. In short, Hunter has not shown that either a substantial part of the claimed acts or omissions occurred in this district or that a substantial part of the subject real property is located in this district, and no other basis for venue has been asserted.

Consequently, for the reasons stated in the Court's September 3, 2009 order, the Court finds venue is not properly laid in the Northern District. Hunter requests that in the event the Court finds venue in this district to be improper, the Court dismiss the action without prejudice.

Accordingly, the instant action is hereby DISMISSED without prejudice, based on improper venue.

Hunter's application to proceed in forma pauperis, filed August 24, 2009, is hereby GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 25, 2009

_____
MAXINE M. CHESNEY
United States District Judge